**Leze GJONDREKAJ, et al., Petitioners,**

**v.**

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**No. 08–5059–ag.**

United States Court of Appeals, Second Circuit.

Sept. 29, 2009.

Kai W. De Graaf, New York, NY, for Petitioners.

Tony West, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Patrick J. Glen, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners, natives and citizens of Albania, seek review of an April 11, 2003 order of the BIA affirming the September 20, 1999 decision of Immigration Judge ("IJ") Alan Vomacka, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] *In re Leze Gjondrekaj, Ambroz Gjondrekaj, Leonard Gjondrekaj, Roland Gjondrekaj, and David Gjondrekaj*, No. A077 397 269/70/71/72/73 (B.I.A. Apr. 11, 2003), *aff'g* No. A077 397 269/70/71/72/73 (Immig. Ct. N.Y. City Sep. 20, 1999). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). Even if we find error, we will not remand if doing so would be futile because it is clear that the agency would adhere to its prior decision even in the absence of that error. *See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006).

---

1. The April 2003 BIA order was reissued on September 18, 2008.

Petitioners assert that they received inadequate translation services during Ambroz Gjondrekaj's asylum hearing, which deprived them of due process. Because, even assuming *arguendo* that these errors existed, we think that remand would be futile, we deny review. The manifest changes that have occurred in Albania, *see Hoxhallari v. Gonzales,* 468 F.3d 179, 185–88 (2d Cir.2006), mean that, on remand, even if the alleged errors were corrected, the requisites for asylum, withholding of removal, and CAT relief would not be met.

Accordingly, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).